IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF<br><br>WHITE IPHONE (**DEVICE**) THAT MICHAEL HORVWALT WAS IN POSSESSION OF AT THE TIME OF HIS ARREST ON JANUARY 25, 2024. THE DEVICE IS CURRENTLY LOCATED IN THE ATF VAULT, LOCATED IN PITTSBURGH, PA | Magistrate No. 24-363 |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Derek M. Fulton, Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) being duly sworn do hereby depose and say as follows:

1.  I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property –an electronic device--, which is currently in law enforcement custody, and the extraction from that property of electronically stored information described in Attachment B.

2.  You Affiant, Special Agent Derek M. Fulton, being duly sworn according to law, aver that the following is true and correct to the best of my knowledge, information and belief and is based on personal knowledge or information provided by reliable sources.

3.  I am currently a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, in Pittsburgh, Pennsylvania, and have been employed by ATF since January 2023. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy. Prior to my employment with ATF, I was employed as a United States Border Patrol Agent with the Department of Homeland Security since 2018. I have received

extensive formal and on-the-job training regarding federal statutes as they pertain to firearms, explosives, and arson investigations. Through my training and experience, I have learned that individuals planning criminal activity often use cellular phones and social media applications on their cellular phone to communicate with each other in order to coordinate activities. I have participated in many investigations where cellular telephone information revealed evidence of the crime involved. I have received specialized training on the subject of firearms, firearms trafficking, narcotics trafficking, death and violent crime investigations from the ATF and other law enforcement entities and have been personally involved in investigating these matters. As an ATF Agent, I am empowered to investigate violations of Federal firearms, arson and explosive laws.

4. As a result of my training and experience as a Special Agent, I am familiar with the criminal violation, 18 U.S.C. §922(g)(1) (Felon in Possession of a Firearm), Consequently, I am familiar with the ways in which firearm possessors use cellular telephones to facilitate, promote, and memorialize their illegal activities. I know that possessors of firearms often take pictures and videos of their illegal activity and maintain those pictures and videos on their phones. Furthermore, based upon my training and experience, possessors of firearms often take photographs and videos of firearms, proceeds, and other contraband in their possession using their cellular telephones and subsequently post such photographs and videos on social media, including on Facebook Instagram, and Snapchat, using their cellular telephones.

5. Additionally, based upon my training and experience, I know that persons who engage in straw purchasing of firearms and trafficking of illegal narcotics often utilize cellular telephones to facilitate the purchase of and transportation of firearms. They frequently use cellular phones to send and receive phone calls, text messages, and voice mails to and from their source(s). Individuals who are prohibited from possessing firearms are unable to purchase a firearm from an FFL, thus the transaction of them acquiring a firearm is often facilitated through cell phone

communications. Specifically, I know that individuals who are prohibited from possessing a firearm due to criminal convictions, often communicate via text message and messaging applications in order to facilitate getting possession of a firearm. Thus, cellular telephones frequently contain names, text messages, voice mail messages, photographs, videos, and contact numbers for/of others involved in the scheme straw purchasing of firearms and/or the illegal transfer of firearms/machine guns. I know that cellular telephones will retain text messages, contact lists, phone call information, and photographs until manually deleted or deleted according to the cellular phone's settings. The information contained in this affidavit has been obtained from a number of sources, to include investigative reports, FFLs and their representatives, and ATF firearm trace information.

6. I am also aware that individuals who are fugitives commonly utilize their cellular phones to communicate with other individuals regarding their fugitive status, including alerting their associates that they believe there is a warrant for their arrest, and discussing their need to "lay low" to avoid arrest. Such individuals will often conduct online searches to see if they do, in fact, have a warrant for their arrest. Such evidence, knowledge of an active warrant but refusal to turn oneself in regarding that warrant, is evidence of consciousness of guilt, and therefore would provide evidence of the individual's involvement in the charged conduct.

7. As explained below, there is probable cause to conclude that evidence of the Felon in Possession of a Firearm violation in Title 18 U.S.C. §922(g)(1) and Title 18 U.S.C. §922(o), will be found in the search location described below.

## Identification of the DEVICE

8. The property to be searched is a white iPhone, (hereinafter referred to as the "**DEVICE**"), which is currently in law enforcement custody.

9. Michael HORVWALT was in possession of the **DEVICE** at the time of his arrest

on January 25, 2024 in West Mifflin, Pennsylvania.

10. The applied-for warrant authorizes the forensic examination of the **DEVICE** for the purpose of identifying electronically stored data particularly described in Attachment B.

## Probable Cause

11. On October 16, 2023, ATF SA Derek Fulton opened an investigation into the illegal possession of a firearm by Michael HORVWALT. On May 26, 2023, Pittsburgh Bureau of Police (PBP) Officers recovered a Glock 27, .40cal, bearing S/N: BFFV718 with a 22-round magazine inserted in the firearm, one round in the chamber ready to fire, along with an Machine-gun Conversion Device (MCD) attached to the rear of the firearm inside of Mo's Bar and Grill (1635 Nobles Lane, Pittsburgh, PA 15210).

12. At approximately 0057 hours, officers conduced a compliance check at Mo's Bar & Grill. Upon officers entering the bar, they observed a firearm with a suspected MCD (Glock 27, .40 caliber, S/N: BFFV718) laying on the floor in the rear of the bar. Officers then reviewed the surveillance footage in the bar which revealed there was only one white male wearing a hoodie in the location of the firearm. The white male, later identified as HORVWALT, exited the bar as soon as officers walked past him in the rear of the bar. HORVWALT is a convicted felon and person not to possess a firearm.

13. On or about September 5, 2023, a criminal complaint was filed against HORVWALT in the Allegheny County Court of Common Pleas, charging him in connection with the May 26, 2023 incident. HORVWALT was not arrested until January 25, 2024, when he was apprehended in connection with a federal indictment, as described below.

14. A check of NCIC and the Unified Judicial System of Pennsylvania Web Portal database indicated the following convictions for HORVWALT:

    a. On 11/06/2006, under CC # CP-02-CR-0015937-2005 (Allegheny County),

HORVWALT was sentenced to nine months Probation and six months and four days of Confinement for the charge of Receiving Stolen Property, a Felony 2, of the Pennsylvania Crimes Code.

b. On 01/15/2008, under CC # CP-02-CR-0007410-2007 (Allegheny County), HORVWALT was sentenced to five years Probation for the charges of Burglary, Theft by Unlawful Taking Moveable Property, Receiving Stolen Property, and Criminal Conspiracy, all Felonies, of the Pennsylvania Crimes Code.

c. On 04/01/2015, under CC # CP-65-CR-00000730-2015 (Westmoreland County), HORVWALT was sentenced to one year Probation for the charge of Receiving Stolen Property, a Misdemeanor 1, and two-years Probation for the charge of Retail Theft, a Misdemeanor 1, under Pennsylvania Crimes Code.

d. On 11/20/2017, under CC # 17-00039-001 (Western District of Pennsylvania), HORVWALT was sentenced to Twenty-One months for two counts of Possession of a Firearm and/or Ammunition by a Convicted Felon, under the violation of Title 18, United States Code, Section 922(g)(1).

e. On 10/16/2019, under CC # 19-00074-001 (Western District of Pennsylvania), HORVWALT was sentenced to Twenty-Seven months for one count of Possession of a Firearm and/or Ammunition by a Convicted Felon, under the violation of Title 18, Untied States Code, Section 922(g)(1).

15. SA Fulton received the ATF 4473 documents from the federal firearms licensee (FFL) related to the above-mentioned firearm. The Glock 27, .40 caliber, bearing S/N: BFFV718 was purchased by Luke Matthew Smith on July 27, 2018. The firearm was not reported stolen at this time.

16. On November 9, 2023, SA Fulton examined the firearm and further identified it as a Glock 27, .40 caliber, bearing S/N: BFFV718. The pistol appeared to be completed and fully functional and was equipped with a black colored metal device commonly referred to as a **"Glock switch"** which is clearly visible protruding from the rear of the slide.

17. Under 26 U.S.C. § 5845(a)(6), the definition of "firearm" includes "a machinegun." The term "machinegun" is defined in 26 U.S.C. § 5845(b) and means any weapon which shoots . . . automatically more than one shot, without manual reloading, by a single function of the trigger. The term also includes "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun." This includes machinegun conversion devices which are known by various names, including **Glock Switches** and auto-sears. Such conversion devices are designed and intended for use in converting a semiautomatic Glock-style pistol into a machinegun. The Gun Control Act and 18 U.S.C. § 922(o) prohibit the transfer or possession of a machinegun except by properly licensed Federal Firearms Licensees (FFLs), who have paid the Special Occupational Tax required. Possession of this device by non-FFLs who have not paid the tax is unlawful under 18 U.S.C. § 922(o) and 26 U.S.C. § 5485(b).

18. The Glock switch affixed to the Glock 27 is designed solely and exclusively for use in converting a conventional semi-automatic pistol into a fully automatic machinegun. This device in and of itself is classified as a machinegun and Michael HORVWALT's possession of same constitutes a violation of Title 18, United States Code, Section 922(o).

19. On January 23, 2024, a grand jury sitting in the Western District of Pennsylvania returned an indictment against Michael HORVWALT, charging him with possession of a machinegun, in violation of 18 U.S.C. § 922(o) and possession of a firearm and ammunition by a

convicted felon, in violation of 18 U.S.C. § 922(g)(1).

20. On January 25, 2024, ATF SA Derek Fulton, along with others, arrested HORVWALT pursuant to federal and state arrest warrants at Harvey Wilner's Village Tavern (1620 Pennsylvania Avenue, West Mifflin, PA 15122).

21. At HORVWALT was arrested without incident. The following items were taken into ATF custody:

   a. The **DEVICE**, a White iPhone with a Cracked Screen (ATF Evidence Item #2)

   b. Approximately 2.28 grams (gross weight) of Marijuana (ATF Evidence Item #3)

### Electronic Storage and Forensic Analysis

22. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools. Furthermore, I am aware that it is common for individuals to use cloud-based storage, such as iCloud, Google Drive, or Microsoft OneDrive to store data, to include images, videos, and contacts, such that even if individuals change cell phone devices, the data stored on the devices is transferred from one device to the next. Additionally, I know that persons who engage in the illegal possession of firearms often utilize cellular telephones to facilitate the purchase of, transportation of, and/or distribution of firearms. Possessors/distributors of firearms use cellular telephones to take photographs of their newly acquired firearms. Thus, cellular telephones frequently contain names, text messages, voice mail messages, photographs, videos, and contact numbers for/of others involved in the illegal possession/distribution of firearms. I know that cellular telephones will retain text messages, contact lists, phone call information, and photographs until manually deleted or deleted according to the cellular phone's

settings.

23. This application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described in the warrant, but also forensic evidence that establishes how the **DEVICE** was used, the purpose of the use, who used the **DEVICE**, and when. There is probable cause to believe that this forensic electronic evidence might be on the **DEVICE** because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of

the warrant.

  e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

24. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **DEVICE** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

25. *Manner of execution.* Because this warrant seeks only permission to examine the **DEVICE** already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the court to authorize execution of the warrant at any time in the day or night.

26. Based on the aforementioned facts and circumstances, I have probable cause to believe that evidence showing Michael HORVWALT committed violations of Title 18, U.S.C. Section 922(g)(1) and Title 18 U.S.C. Section 922(o), will be found on the **DEVICE**. I therefore respectfully request that a warrant to be issued authorizing a search of the **DEVICE**, at any time in the day or night.

*/s/ Derek M. Fulton*
Derek M. Fulton
Special Agent
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

Sworn and subscribed before me, by telephone
Pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),
This 6th day of March, 2024.

_____
HONORABLE CYNTHIA REED EDDY
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A
## *DESCRIPTION OF THINGS TO BE SEARCHED*

The property to be searched is: a White iPhone (**DEVICE**) that Michael HORVWALT was in possession of at the time of his arrest on January 25, 2024. The device is currently located in the ATF vault, located in Pittsburgh, PA.

This warrant authorizes the forensic examination of the **DEVICE** for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B
## *INFORMATION TO BE SEIZED BY THE GOVERNMENT*

All records and information on the cellular telephones described in Attachment A that constitutes evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 922 (o)including:

a. All internet browsing history, as well as telephonic, text, and electronic mail messages regarding the unlawful acquisition, transportation, disposition, and/or transfer of firearms; information regarding the payment(s) for firearms or payment for the acquisition, transportation, disposition, and/or transfer of firearms; the acquisition, transportation, sale, or distribution of controlled substances, or the acquisition, transfer, or concealment of assets, money, or proceeds by any means;

b. All bank records, wire transfer records, bank statements, tax records, tax returns, financial records and notes, checks, credit card bills, account information, and other financial records;

c. Correspondence, notations, logs, receipts, journals, books, records, and other documents noting the price, quantity and/or times when firearms or controlled substances were obtained and/or sold;

d. Any and all address books, telephone records, telephone books, date books, calendars, payment records, and telephone call logs and other items reflecting names, addresses, and telephone numbers;

e. Records of off-site locations to store records, firearms, or controlled substances, including safe deposit keys, records, receipts, rental agreements for storage facilities;

f. Records of mail and communication services;

g. Mementos, including photographs, and other historical keepsake items which document the association of co-conspirators, with each other and other suspected associates involved in the transportation/shipment of firearms, receipt/possession/sale of firearms; drug possession or trafficking or conspiracy to commit said offenses as well property or assets purchased with illegal proceeds;

h. Lists of sources of supply, customers, and related identifying information;

i. Types, amounts, and prices of firearms, as well as dates, places, and amounts of specific transactions;

j. Text messages and other communications stored on the electronic device relating to the above-referenced offenses or identification of co-conspirators;

k. Any information related to the co-conspirators and customers (including names, addresses, phone numbers, or any other identifying information);

l.  Evidence of user attribution showing who used or owned the cellular telephone described in Attachment A at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, photographs, saved usernames and passwords, documents, spreadsheets, and browsing history; and

m.  Evidence regarding the user's location and all location information that may be obtained from the cellular telephone and GPS device.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or SIM cards, or other media that can store data) and any photographic form.